UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
OSLYN POMPEY, NAOMI SPARMAN, and R.P., an
infant by her mother and natural guardian, OSLYN POMPEY,

                      Plaintiffs,

        -against-

THE CITY OF NEW YORK,
DETECTIVE JAVIER APONTE (TAX 937991),
DETECTIVE JOSE CASTANO (TAX 941516),
CAPTAIN MIGUEL IGLESIAS (TAX 899369),
LIEUTENANT PATRICK RYAN (TAX 904977) (retired),
and JANE DOE,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FIRST AMENDED COMPLAINT**

**13 CV 4061 (ARR) (RER)**

**JURY TRIAL DEMANDED**

       Plaintiffs Oslyn Pompey, Naomi Sparman, and R.P., an infant by her mother and natural guardian, Oslyn Pompey, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby allege as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

       1.     At all times hereinafter mentioned plaintiff Oslyn Pompey, an adult female, was a resident of Kings County, within the State of New York.

       2.     At all times hereinafter mentioned plaintiff Naomi Sparman, an adult female, was a resident of Kings County, within the State of New York.

       3.     At all times hereinafter mentioned plaintiff R.P., an infant female, was a resident of Kings County, within the State of New York.

       4.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

5. At all times hereinafter mentioned, defendant Javier Aponte (Tax 937991) was a member of the NYPD and was employed, retained, trained and supervised by New York City. Aponte is sued herein in his official and individual capacities.

6. At all times hereinafter mentioned, defendant Jose Castano (Tax 941516) was a member of the NYPD and was employed, retained, trained and supervised by New York City. Castano is sued herein in his official and individual capacities.

7. At all times hereinafter mentioned, defendant Miguel Iglesias (Tax 899369) was a member of the NYPD and was employed, retained, trained and supervised by New York City. Iglesias is sued herein in his official and individual capacities.

8. At all times hereinafter mentioned, defendant Patrick Ryan (Tax 904977) was a member of the NYPD and was employed, retained, trained and supervised by New York City. Ryan is sued herein in his official and individual capacities.

9. At all times hereinafter mentioned, defendant Jane Does was a member of the NYPD whose identity is presently unknown, and who was employed, retained, trained and supervised by New York City. Jane Doe is sued herein in her official and individual capacities.

10. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

11. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where plaintiffs and defendant City of New York reside, and

where the majority of actions complained of herein occurred.

## RELEVANT FACTS

12. Plaintiff Oslyn Pompey is the mother and guardian of R.P., who, as of November 16, 2011, was a 5 year-old female.

13. Oslyn Pompey and Naomi Sparman are sisters.

14. As of November 16, 2011, the plaintiffs resided at 305 Montauk Avenue, in Kings County (the "premises").

15. The premises is a three story private home that was owned by plaintiffs' family and divided into three apartments. Plaintiffs Pompey and Sparman (the "adult plaintiffs") resided with their parents and plaintiff R.P. in apartment 1, which was a duplex apartment occupying the entire first floor and part of the second floor.

16. Apartment 2 occupied the remainder of the second floor. Apartment 3 occupied the entire third floor.

17. On November 16, 2011, at or about 6:00 A.M., plaintiffs were lawfully present and asleep inside 305 Montauk Avenue, inside Apartment 1, when the defendants kicked in the front door of the premises. The defendants then stormed into the premises, seizing the plaintiffs and at gunpoint.

18. The defendants were not invited into the premises nor was their entry consented to by any of the plaintiffs, or any other individual authorized to so consent.

19. There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

20. The defendants did not display a warrant to justify their entry into the

premises and refused to produce one after the plaintiffs asked while the parties were inside the premises.

21. The adult plaintiffs were handcuffed and searched by the defendants, who then searched the premises.

22. The adult plaintiffs were transported to a local police precinct, where they were held for a number of hours before they were sent to Kings County Central Booking, where they were held in custody for an additional period of many hours.

23. The Kings County District Attorney's Office declined to charge Oslyn Pompey with any criminal wrongdoing and she was eventually released from custody.

24. Naomi Sparman was arraigned on a criminal complaint containing false allegations sworn to or otherwise provided by defendant Jose Castano.

25. In support of the criminal complaint, defendant Castano made several false allegations, including but not limited to, the allegation that he recovered "seven ziplock bags containing marijuana residue, one ziplock bag containing marijuana, and two marijuana cigars" from the subject premises.

26. These and other allegations were false and all of the individual defendants knew them to be false when they were made.

27. Naomi Sparman was held in custody for several hours pursuant to these false allegations before her charges were dismissed and she was released from custody.

28. Defendant Captain Iglesias was the assigned "Overall Supervisor" for the search warrant execution. He was present during the search warrant execution, and at no time did he intervene in the illegal search and seizure made pursuant to the purported search warrant

which is the subject of this action.

29. Defendant Lieutenant Ryan was the assigned "Entry Team Leader" for the search warrant execution. He was present during the search warrant execution, and at no time did he intervene in the illegal search and seizure made pursuant to the purported search warrant which is the subject of this action.

30. All of the individual defendants, knowing that the purported search warrant was procured on materially inaccurate information and/or was obtained for an address other than the plaintiffs' address, provided false allegations in support of the subsequent arrests of the adult plaintiffs, or otherwise failed to file accurate or corrective statements, in order to justify and conceal their illegal activity, specifically, the illegal search and seizure of the plaintiffs and their home.

31. Subsequent to their arrest, the plaintiffs were provided with a copy of the warrant the defendants were apparently relying upon for their entry into the premises.

32. This warrant, 0941-2011, which was issued based on evidence submitted by defendant Aponte, appears to have been issued by New York Criminal Court Judge Neil E. Ross on November 9, 2011.

33. While the warrant specifies the address of 305 Montauk Avenue, it is limited to apartment 2F. However, there is no apartment 2F in the premises, just an apartment 2. Moreover, the plaintiffs all resided in apartment 1, not apartment 2.

34. Furthermore, this warrant, which is directed towards evidence of narcotics-related activity, identifies as the subject a person referred to as JD Big, who is described as a black male, approximately 30-35 years of age, about 5'11" to 6' tall, and between 250-260

pounds.  No such person resided in the premises nor is this person known to the plaintiffs.

35.     Hence, the warrant contained materially inaccurate information as to the address and location of the apartment to be searched, or was based on materially false information, or both.  In any event, Aponte must have known prior to entering the premises that the premises were not the location of JD Big or the activities ascribed to him.

36.     The infant plaintiff R.P. was held at the premises for a period of time before eventually being handed over to her grandmother, who had also been seized.

37.     At no time did defendants have a legal basis to enter the premises or search anywhere within the premises, nor was it reasonable for the defendants to believe that such a basis existed.

38.     At no time did defendants have probable cause to seize, detain or arrest any of the plaintiffs, nor was it reasonable for the defendants to believe that such cause existed.

39.     As a result of their seizure of the infant plaintiff, she experienced trauma resulting in continued sleeplessness, anxiety, and emotional and mental anguish.

40.     At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

41.     That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

42. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

43. Defendants willfully and intentionally entered plaintiffs' residence without a warrant, consent, or exigency, and seized, searched, detained, and, in with respect to the adult plaintiffs, arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

44. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, unlawful searches of person and property, and denial of due process through the fabrication of evidence, and thereby violated the plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

45. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer physical and emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

**SECOND CAUSE OF ACTION**

46. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

47. Defendant was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD.

48. Defendant had actual or constructive knowledge that there was inadequate

supervision within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendant took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members, including the individual defendants, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

49. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by NYPD members, including the individual defendants, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrest.

50. Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

51. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action actual damages in an amount to be determined at trial;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

iv. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
November 25, 2013

REIBMAN & WEINER

By: /s/
Jessica Massimi (JM-2920)
Attorneys for Plaintiffs
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743